UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND COLLINS,

    Petitioner,

    v.                                      Case No. 19-C-1787

WILLIAM POLLARD,

    Respondent.

## SCREENING ORDER

Petitioner Raymond Collins, who is currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a writ of coram nobis. Approximately forty years ago, Collins was convicted in Milwaukee County Circuit Court of two counts of first-degree murder, one count of attempted murder, six counts of armed robbery, and two counts of reckless endangerment regardless of life. He was sentenced to life imprisonment.

Collins filed with his petition an application for leave to proceed in forma pauperis. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

As an initial matter, Collins cannot proceed on his writ of coram nobis. "The writ of coram nobis is a means for a collateral attack on a criminal conviction alleging errors of law or fact that affect the fundamental character of the conviction, including inadequate counsel. It is similar to a habeas corpus petition and affords the same type of relief, . . . but it is available only when a defendant is no longer in custody and thus can no longer take advantage of habeas corpus relief." *United States v. Delhorno*, 915 F.3d 449, 452 (7th Cir. 2019). Because Collins is in custody, he cannot employ a writ of coram nobis to challenge his confinement.

Collins has also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Collins' petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, Collins was subject to a one-year period of limitations in which to file his petition. Because he was convicted before AEDPA's enactment, his period of limitations began to run on AEDPA's effective date of April 24, 1996. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). Collins' December 6, 2019 petition was filed 23 years after the effective date of AEDPA. The petition is therefore untimely.

Although the one-year period for filing habeas petitions can be tolled in two instances, neither applies here. First, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case Collins did not appeal from the judgment of conviction, and while Collins filed an application for state post-conviction relief on July 28, 2019, that motion was filed long after the one-year statute of limitations had expired.

As such, tolling pursuant to § 2244(d)(2) is not applicable. A court may also equitably toll the limitations period. "[E]quitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citation omitted). To establish "extraordinary circumstances," a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). The court does not find that Collins has been diligently pursuing his rights. The circumstances of this case do not allow him to take advantage of statutory or equitable tolling. Accordingly, Collins' petition is time-barred and could be dismissed on this basis.

Even if Collins' petition was timely, it must be dismissed because Collins has not asserted any grounds for relief in his petition. As a result, the court cannot grant Collins any relief. His petition must therefore be dismissed.

**IT IS THEREFORE ORDERED** that Collins' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Clerk is directed to enter judgment dismissing the case.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. I do not believe that reasonable jurists would believe that Collins has made a substantial showing of the denial of a constitutional right.

Collins is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court

3

a notice of appeal within 30 days of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  In the event Collins decides to appeal, he should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 9th day of January, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court